UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FERRY HOLDING CORPORATION,    )
                              )
            Plaintiff,        )
                              )
v.                            )        Case No. 4:11 CV 1978 RWS
                              )
STEPHEN J. WILLIAMS,          )
                              )
            Defendant.        )

## MEMORANDUM AND ORDER

Plaintiff Ferry Holding Corporation ("Ferry Holding") and Defendant Stephen Williams are currently engaged in an ongoing arbitration regarding Williams alleged breach of an operating agreement he entered into with Ferry Holding. The operating agreement was part of a transaction whereby Ferry Holding purchased Williams' majority interest in a company, IOS. Ferry Holding initiated this action requesting that I confirm the arbitration panel's preliminary injunction award. I confirmed the preliminary injunction. This matter is currently before me on Plaintiff's Motion to Show Cause[#24] and Motion for Attorney Fees [#27].

For the reasons stated below, I decline to find that Williams in contempt of my Order confirming the preliminary injunction and deny Ferry Holding's Motion for Attorneys Fees.

I.      **Background**

On October 24, 2011, I confirmed the arbitration panel's preliminary injunction.

On August 22, 2011, the arbitration panel entered a preliminary injunction that "[Williams] shall not...engage the services of [Kelly] Steele as an officer, employee, independent contractor or otherwise."

On October 26, 2011, Ferry Holding filed a motion asking me to issue an order for Williams to show cause why he should not be held in contempt for failing to comply with my

Order confirming the preliminary injunction ("Confirmation Order"). I issued a Show Cause Order to Williams on October 27, 2011. On November 4, 2011, Williams filed a Response and argued that he should not be found in contempt. Williams argued that he had diligently attempted to comply with the Confirmation Order by taking action to arrange for the sale of his interest in Alliance Liftboats, LLC to Kelly Steele. Williams' Response indicates he had undertaken efforts to sell the business since at least September 8, 2011. Although he had been in negotiations for the sale since September 8, 2001, his Response on November 4, 2011 was the first time Williams notified me of such efforts.

On November 9, 2011, Williams and Steele entered into a resolution that Steele "voluntarily withdraws from any and all management affairs of the company, including any office which he holds within the company, and shall not serve as an employee, independent contractor, or otherwise" until the closing of "Mr. Steele's purchase of Mr. Williams' interest in Alliance Liftboats, LLC."

On November 17, 2011, Williams and Steele entered into a second resolution for Steele to withdraw from Alliance Liftboats' management. This resolution satisfied Ferry Holding that Williams was not currently in violation of the Confirmation Order. During a telephone status conference on November 21, 2011, the parties informed me that Williams had closed on the sale of his interest in Alliance Liftboats to Steele.

On November 21, 2011, Ferry Holding requested I enter an order finding Williams in contempt of the Confirmation Order from October 24, 2011, (the date I confirmed the preliminary injunction) through November 17, 2011 (the date of the second resolution). Ferry Holding has also requested an order awarding Ferry Holding attorneys fees and costs incurred in confirming the arbitration panel's preliminary injunction.

## II.    Discussion

### A.    Williams' Compliance with Confirmation Order

A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the allege defendant violated a court order. Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000).  At that point, the burden shifts to the opponent to show an inability to comply.  Id.  To show that compliance is presently impossible, the defendant must demonstrate each of the following (1) that they were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply.  Id. at 506.

On October 26, 2011, Ferry Holding filed a motion for me to issue a show cause order to Williams why he should not be held in contempt for failing to comply with the Confirmation Order. I issued a Show Cause Order to Williams on October 27, 2011.  The parties agree that Steele was in a management position with Alliance Liftboats until November 17, 2011 in violation of the Confirmation Order.  Accordingly, the burden shifts to Williams to show his inability to comply with the Confirmation Order.

Ferry Holding spends considerable effort in the multiple briefs filed on this issue detailing Williams' conduct following the arbitration panel entering its preliminary injunction on August 22, 2011 until I entered the Confirmation Order on October 24, 2011.  However, the focus of the current inquiry is considerably more narrow because Ferry Holding has requested a finding that Williams was in contempt from October 24, 2011 through November 17, 2011.  As a result, my consideration of Williams' conduct will be limited to his conduct from the time the

Confirmation Order was entered.[1]

Williams has successfully carried his burden to demonstrate that he was unable to comply with the Confirmation Order, that his inability to comply was not self-induced, and that he made in good faith all reasonable efforts to comply. The efforts Williams undertook to arrange the sale of his interest in Alliance Liftboats to Kelly Steele preceded and continued after the entry of the Confirmation Order. Ferry Holding's argues that Williams' failure to disclose his efforts to sell the business until his timely Response on November 4, 2011 is a basis for finding Williams in contempt. This argument is not persuasive. Ferry Holding has failed to demonstrate that Williams was under any obligation to disclose his efforts prior to the Show Cause Order.

On October 28, 2011, four days after the Confirmation Order was entered, Williams and Steele scheduled the sale of Williams interest in Alliance Liftboats to occur on November 10, 2011. On November 9, 2011, the bank that was to provide financing for the sale informed Williams and Steele that it would no longer be in a position to provide the financing in time for the November 10, 2011 closing. Williams repeatedly testified during his deposition that he was unable to hasten the closing of the sale because it was attendant upon Steele to secure the necessary financing.

After the sale failed to close, Williams and Steele entered into a resolution on November 9, 2011 that Steele would "voluntarily step down from management of [Alliance Liftboats] until [the purchase] can be closed with alternative financing arrangement." During a hearing on November 10, 2011, Ferry Holding argued it was not satisfied that the resolution purged

---

[1]This limitation in scope is not intended to address whether Ferry Holding could present the arbitration panel with issues concerning Williams' compliance with its preliminary injunction from the time it was entered on August 22, 2011.

-4-

Williams of any contempt arising from the Confirmation Order.

The parties conferred and drafted a second resolution to remove Steele from Alliance Liftboats' management during a recess of the hearing held on November16, 2011.  Williams and Steele entered into this resolution, the next day, November 17, 2011.  After Williams and Steele entered into the second resolution, Ferry Holding acknowledged that it considered Williams to be currently in compliance with the Confirmation Order.

Williams also requested that Steele step down from Alliance Liftboats' management on several occasions.  Steele refused each request until they entered into the November 9, 2011 resolution.  Williams also attempted to vote Steele out of Alliance Liftboats management.  After Williams requested Steele to step down from management, Steele indicated to Williams that Williams did not have the power to remove him from management and Steele filed a lawsuit in Louisiana state court challenging Williams' power to unilaterally remove Steele.

I find that Williams has satisfied his burden regarding his inability to comply with the Confirmation Order from the date it was entered through November 17, 2011.  Four days after the Confirmation Order was entered, he scheduled the sale of his interest in Alliance Liftboats to Steele.  When the closing fell through due to the bank withdrawing its financing, Williams entered into a resolution with Steele removing Steele from Alliance Liftboats's management. When Ferry Holding was unsatisfied with the resolution, Williams entered into a second resolution with Steele that was drafted with Ferry Holding's input. As a result, I decline to enter an order finding Williams in contempt of the Confirmation Order from October 24, 2011 through November 17, 2011.

### B.    Ferry Holding's Motion for Attorney Fees

Ferry Holding filed a Motion for Attorneys' Fees and Costs Incurred in Confirming the

Arbitration Order [#27] on October 27, 2011. In its Motion, Ferry seeks the attorneys' fees and costs it incurred in confirming the arbitration panel's order on preliminary injunction. Williams opposes the motion.

As stated above, on September 7, 2011, Ferry Holding filed a Motion to Confirm Arbitration Award [#1]. After multiple hearings, I granted Ferry Holding's motion and confirmed the arbitration panel's preliminary injunction on October 24, 2011. Ferry Holding argues that the Operating Agreement the parties entered into contractually binds Williams to pay the attorneys fees incurred in confirming the arbitration award.

Paragraph 17.8 of the Operating Agreement states the following regarding attorneys' fees:

> In any judicial action or proceeding between the parties to enforce any of the provisions of this Operating Agreement regardless of whether such action or proceeding is prosecuted to judgment and in addition to any other remedy, the unsuccessful party shall pay to the successful party all costs and expenses, including reasonable attorneys' fees, incurred therein by the successful party.

Docket 1-1, Ex. A

Paragraph 17.22 of the Operating Agreements states the following regarding binding arbitration:

> Any controversy or claim arising out of or relating to this Operating Agreement, *including to interpret or enforce any provision of this Operating Agreement, shall be settled by final and binding arbitration* administered by the American Arbitration Association under its Commercial Arbitration Rules ("Rules") and judgment on the award rendered by the arbitrators may be entered
> in any court of competent jurisdiction.

Docket 1-1, Ex.A. (emphasis added).

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." <u>United Steelworkers v. Warrior & Gulf Navigation Co.</u>, 363 U.S. 574, 582 (1960). Thus, when deciding whether to compel arbitration, a court asks whether a valid agreement to arbitrate exists, and if so, whether the dispute falls within the scope of that agreement. <u>United Steelworkers of Am. v. Duluth Clinic, Ltd.</u>, 413 F.3d 786, 788 (8th Cir. 2005). Here, the parties have agreed to submit to arbitration any dispute to interpret or enforce any provision of the Operating Agreement. At a minimum, the parties dispute whether Ferry Holding is "successful party" as used in Paragraph 17.8 under the circumstances presented in this case. As a result, I will deny Ferry Holding's Motion for Attorneys Fees.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Ferry Holding Corporation's Motion for Attorneys Fees [#27] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED that** Plaintiff Ferry Holding Corporation's Motion to Show Cause[#24] is **DENIED** because I decline to find Defendant Williams in contempt of the Confirmation Order**.**

**IT IS FINALLY ORDERED that** this case shall be **CLOSED** as this Order disposes of all motions and issues pending before me regarding the confirmation of the preliminary injunction.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2011.